UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH GOODLY                                    CIVIL ACTION

VERSUS                                           NO: 16-1936

CHECK-6, INC., ET AL.                            SECTION: "J" (5)

### ORDER AND REASONS

Before the Court are a *Motion to Transfer Venue* **(Rec. Doc. 11)**
filed by Defendants Check-6, Inc., Yarema Sos, Brian Brurud, Dennis
Romano, S. Eric Benson, Laura Owen, and John Dillion ("Defendants")
and an opposition thereto (Rec. Doc. 14) filed by Plaintiff Joseph
Goodly ("Plaintiff"). Also before the Court are a *Motion to Toll
Statute of Limitations* **(Rec. Doc. 12)** filed by Plaintiff and an
opposition thereto (Rec. Doc. 15) filed by Defendants. Having
considered the motions and legal memoranda, the record, and the
applicable law, the Court finds that the motion to transfer should
be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This litigation is based on the Fair Labor Standards Act
("FLSA"), 29 U.S.C. § 201 *et seq.*, and arises from a contract
executed by Plaintiff and Defendants on March 26, 2014. (Rec. Doc.
11-2.) The agreement, designated as a "Contractor's Master
Services Agreement," provided that Plaintiff would provide
"coaching" services in the oil and gas industry to Defendants. *Id.*

1

at 2-3. Plaintiff agreed to provide consulting, client training, and sales services. *Id.* at 5. In turn, Defendants agreed to compensate Plaintiff as set forth in the agreement. *Id.* at 5-6. The contract contained a forum selection clause, which stated:

> In the event that a lawsuit is filed by either party in connection with this Agreement or any breach thereof, the parties hereto agree that jurisdiction and venue are waived and that any such lawsuit shall be brought in the county and state of the principal office of the Company.

*Id.* at 20. The agreement defined the "Company" as "Check-6 International Inc. and its Affiliates." *Id.* at 3. The contract also noted that the Company's principal office was located in Jenks, Oklahoma. *Id.* at 19.

On March 7, 2016, Plaintiff filed suit in this Court, alleging that Defendants required him to work in excess of forty hours in a work week but failed to pay him overtime in accordance with the FLSA. (Rec. Doc. 1.) Plaintiff asserted claims against Defendants on his own behalf and on behalf of other similarly situated employees of Defendants. Plaintiff contends that his agreement with Defendants was an employment contract, while Defendants maintain that they retained Plaintiff as an independent contractor.

On May 5, 2016, Defendants filed the instant motion to transfer venue to the United States District Court for the Northern District of Oklahoma in accordance with United States Code Title 28, Section 1404(a) and the forum selection clause in the agreement. Plaintiff

2

opposed the motion on May 24. Also pending before the Court is a
Motion to Toll the Statute of Limitations filed by Plaintiff on
May 13, 2016. (Rec. Doc. 12.)

### PARTIES' ARGUMENTS

In their motion, Defendants argue that the Court should transfer
this matter to the Northern District of Oklahoma, the district
that encompasses Jenks, Oklahoma. Defendants argue that the forum
selection clause is valid and applicable to Plaintiff's FLSA
claims. Further, Defendants emphasize that the clause is
mandatory, not permissive. Accordingly, Defendants argue that the
existence of a valid forum selection clause shifts the burden to
Plaintiff to show why the Court should not transfer this matter.
Defendants assert that Plaintiff will not be able to demonstrate
that the clause is unreasonable.

In his opposition, Plaintiff argues that enforcing the forum
selection clause is contrary to the public policy of the forum
state. The crux of Plaintiff's argument is that the agreement
signed by the parties was actually an employment contract, not an
independent contractor agreement. Plaintiff points out that
Louisiana holds a strong public policy against forum selection
clauses in employment agreements. Because Plaintiff claims to be
an employee of Defendants, he asserts that the forum selection
clause in the alleged employment agreement is unenforceable.
Further, Plaintiff argues that Defendants bear the burden of

3

proving their motion and that a plaintiff's choice of forum is entitled to deference.

## LEGAL STANDARD

The proper procedure for enforcing a forum selection clause that points to a particular federal district is a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013). Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The moving party has the burden of showing "good cause" for a transfer by clearly demonstrating that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (quoting 28 U.S.C. § 1404(a)). Thus, if the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. *Id.*

In the typical case not involving a forum selection clause, a court considering a Section 1404(a) motion must determine whether a transfer would serve "the convenience of the parties and witnesses" and otherwise promote "the interest of justice." In making this determination, the court should consider the public

4

and private interest factors adopted by the Fifth Circuit. "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.* The above-listed factors are not necessarily exhaustive or exclusive, and none should be given dispositive weight. *Id.* Furthermore, unless the balance of factors strongly favors the moving party, the plaintiff's choice of forum should not be disturbed. *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

   The presence of a valid, mandatory forum selection clause, however, requires the court to adjust its usual Section 1404(a) analysis in three ways. *Atl. Marine*, 134 S. Ct. at 581. "First, the plaintiff's choice of forum merits no weight." *Id.* "Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which

5

the parties bargained is unwarranted." *Id.* Second, the court should not consider the parties' private interests; it may consider only public interests. *Id.* at 582. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* Therefore, the court must "deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* Third, a transfer of venue premised on enforcement of a valid forum selection clause "will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.*

In *Atlantic Marine*, the United States Supreme Court adjusted the typical § 1404(a) analysis because "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* at 581 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). The party who is acting in violation of the forum selection clause bears the burden of showing that the public interest factors "overwhelmingly disfavor a transfer." *Id.* at 583. Because the public interest factors will rarely defeat a transfer motion, "the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 582. In sum, when a defendant files such a motion, "a district court should transfer the case unless extraordinary

circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* at 575.

Contractual forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *see also Sherman v. RK Restaurants Holdings, Inc.*, No. 13-6054, 2014 WL 4540023, at *8 (E.D. La. Sept. 11, 2014). However, a court should refuse to enforce such a clause "if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *The Bremen*, 407 U.S. at 15. Additionally, the clause may be unreasonable when "(1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; [or] (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy . . . ." *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997) (internal quotation marks omitted).

## DISCUSSION

As discussed above, the agreement at issue contained a forum selection clause. This is presumptively valid. Moreover, the clause is mandatory because it provides that a lawsuit *shall* be

brought in the district of Defendants' principal office. *See Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 128 (5th Cir. 1994). Further, the clause applies to any lawsuit "filed by either party in connection with this Agreement or any breach thereof." (Rec. Doc. 11-2, at 20.) Plaintiff's FLSA claim arises out of his agreement with Defendants, which he claims is an employment agreement. Thus, the forum selection clause applies to the instant litigation.

Because a presumptively valid forum selection clause exists, Plaintiff bears the burden of proving that the clause is unenforceable. *Atl. Marine Const. Co.*, 134 S. Ct. at 582. Plaintiff attempts to do so by showing that Louisiana holds a strong public policy against enforcing forum selection clauses in employment agreements. As evidence of this public policy, Plaintiff points to Louisiana Revised Statute 23:921, which provides:

> The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer or any other person or entity includes a choice of forum clause or choice of law clause in an employee's contract of employment or collective bargaining agreement, or attempts to enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action.

La. Rev. Stat. § 23:921(A)(2). Courts have found that this statute evidences a strong public policy against forum selection clauses

in employment contracts. *Sawicki v. K/S Stavanger Prince*, 802 So. 2d 598, 606 (La. 2001). However, "a state law cannot automatically void a forum selection clause, thereby subordinating federal law . . . to an inconsistent state law." *Haughton v. Plan Adm'r of Xerox Corp. Ret. Income Guarantee Plan*, 2 F. Supp. 3d 928, 933 n. 2 (W.D. La. 2014) (internal citations omitted).

Forum selection clauses are not *per se* violative of Louisiana public policy. *Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of La.*, 148 So. 3d 871, 878 (La. 2014). Such clauses only violate public policy in limited circumstances, including when they are used in employment agreements. *Id.* at 881. Thus, to prevail in his opposition to transfer, Plaintiff must demonstrate that the instant forum selection clause appeared in an employment agreement. Plaintiff failed to do so. In fact, his FLSA claim itself depends on the distinction between an employment agreement and an independent contractor agreement. At this time, Plaintiff has not introduced sufficient evidence to convince the Court of the contract's characterization.

Without further evidence, the Court cannot determine whether the forum selection clause violates Louisiana public policy. Because the forum selection clause is presumptively valid, the Court finds that Plaintiff failed to show that the clause is unreasonable. Similarly, Plaintiff did not introduce evidence to show that Defendants fraudulently inserted the clause in the

contract, that Plaintiff will be deprived of his day in court, or that he will be deprived of a remedy.

Moreover, the public interest factors point towards transferring this case to the Northern District of Oklahoma. "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *In re Volkswagen*, 545 F.3d at 315. Defendants introduced evidence to show that the Northern District of Oklahoma has fewer pending cases than this District. (Rec. Doc. 11-3; Rec. Doc. 11-4.) Further, each judge has an average of 277 pending cases in the Northern District of Oklahoma, while each judge in this District has an average of 802 cases. *Id.*

Plaintiff did not introduce any evidence to contradict Defendants' evidence, nor did Plaintiff introduce any evidence bearing on the other public interest factors. Thus, Defendants have demonstrated that the Northern District of Oklahoma is a more suitable venue for this litigation. Because a transfer is warranted, the Court will defer ruling on Plaintiff's pending motion to toll.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Transfer Venue* **(Rec. Doc. 14)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter is hereby **TRANSFERRED** to the United States District Court for the Northern District of Oklahoma.

New Orleans, Louisiana this 1st day of June, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE